UNITED STATES of America,
Plaintiff,

v.

ONE BALLY DUDE RANCH COIN-OP-ERATED PIN-BALL MACHINE, SE-RIAL NO. 1050, and $6.25 In United States Coins, Defendants.

Civ. A. No. 1778.

United States District Court
M. D. Tennessee, Nashville Division.

Dec. 17, 1953.

Fred Elledge, Jr., U. S. Atty., for plaintiff.

J. Ross Cheshire, Jr., and H. Frank Taylor, Nashville, Tenn., for defendants.

DAVIES, Chief Judge.

In the first place, I am of the opinion that the tax imposed is not a tax against the machine but a tax against the operator, or the person who operates it or permits it to be operated in his place of business. The statute, 26 U.S.C.A. § 3267, plainly says:

"Every person who maintains for use or permits the use of, on any place or premises occupied by him, a coin-operated amusement or gaming device shall pay a special tax as follows:

"(1) $10 per year in the case of a device defined in clause (1) of subsection (b);

"(2) $250 per year, in the case of a device defined in clause (2)".

Now, clause (1) relates to a coin-operated amusement machine which is designated in the statute as "any amusement or music machine operated by means of the insertion of a coin, token, or similar object," and I am of the opinion that any pin-ball machine, or any other kind of machine which is operated by the means of the insertion of a coin, token, or similar object, that is used for amusement is subject to the $10 tax; as long as it is used for amusement purposes only it is subject to the $10 tax.

Now, the second section of the statute provides:

"So-called slot machines which operate by means of insertion of a coin, token, or similar object and which, by application of the element of chance, may deliver, or entitle the person playing or operating the machine to receive cash, premium, merchandise, or tokens."

Now, of course, pin-ball machines as well as slot machines, which have been commonly referred to as "one-armed bandits", are operated by coins being placed in a slot. A slot machine is a machine that has a slot where a coin or a token may be placed for the purpose of operating the machine.

The statute, as I have pointed out, makes a distinction between an amusement machine and a machine that is used as a gaming device, and in connection with a gaming device says "so-called 'slot' machines" or similar object, which are operated by the insertion of a coin, "and which, by application of the element of chance, may deliver, or entitle the person playing or operating the machine to receive cash, premium, merchandise, or tokens."

Now, in connection with the operation of pin-ball machines there is, of course, a greater element of skill involved than in one of the so-called slot machines ordinarily referred to as "one-armed bandits", which has a drum with various insignias on it, such as bells, oranges, apples, and cherries. Yet, at the same time, there is an element of chance in successful operation of pin-ball machines. Now, I know from observation that some persons become very proficient in the operation of pin-ball machines, and they have acquired their proficiency by considerable experience in operating the machines. Yet it is entirely possible that a person who is not experienced might operate a pin-ball machine and by reason of the element of chance the balls, which are propelled across the playing board, could fall in the proper slots, which would result in giving him just as large a score as some person that was experienced and proficient in the playing of the machines. So there is also an element of chance, as well as skill, involved in the successful operation of pin-ball machines.

I am, therefore, of the opinion that when a person permits the use on his premises of one of these pin-ball machines that is operated for amusement only, he is subject only to the $10 tax. But if he gives cash, premium, merchandise, or tokens as a pay-off for the successful operation of the machine, then he is subject to the $250 tax. It is all a

question of the use to which the machines are put by the person who maintains them, or operates them, in his place of business. That is, if he operates them as an amusement device, he is subject to a $10 tax for each machine; if he operates them as a gaming device, he is subject to a $250 tax for each machine.

Now, as to the forfeiture of the coins which were found in the machine, Section 3116 provides that it shall be unlawful to have or possess any liquor or property intended for use in violating the provisions of this Part, or the internal revenue laws.

██ If the machine in question has been so used as to violate the internal revenue laws, that is, to defeat the payment of the just and appropriate tax due, then the Government is entitled to libel and forfeit it, and any funds found in the machine are a part of the machine that was used for that purpose and may be applied by the Government toward the payment of the tax due.